This was an appeal from a decree of the Superior Court of Chancery for the Staunton District.
The appellant, on the 1st of October, 1796, executed a mortgage to the appellee to secure the payment of 1,3501. the proviso in which mortgage was in the usual form, that, if the mortgagor should pay to the mortgagee the same sum of money “on or before the 1st of December, 1800, or within sixty days thereafter, then,” &c. There was also a covenant on the part of the mortgagor to pay the said sum “on or before the day and year aforesaid,” (viz. the 1st of December, 1800;) “or within sixty days thereafter ;” and a stipulation between the parties, that “provided the said sum of money shall be punctually paid on or before the times stipulated and thereby agreed on, that then and in that case no inLerest shall accrue or be charged thereon.” There was no other expression in the mortgage which related to the payment of interest.
The decree of the Chancellor was, that unless the principal sum with interest from the first day of October, 1796, (the date of the mortgage,) were paid on or before a certain day, then the mortgaged premises should be sold, &c. From this decree an appeal was taken to this Court.
Hay for the appellee, moved to take up the cause out of its turn on the docket, as a delay case, it not presenting any point for argument. He admitted that there was no express stipulation for the payment of interest from the date of the mortgage ; and if that was not implied by the subsequent agreement of the parties, that in case the money was punctually paid no interest should accrue or be charged thereon, the decree was erroneous so far as it gave interest from the 1st of October, 1796, (the date of the mortgage,) to the 1st of December, 1800, (the time of payment.) — He was therefore willing, if the Court should be of that opinion, to confess error as to the interest antecedent to the 1st of December, 1800, and take a decree for the principal and interest subsequent to that time ; — which was ordered accordingly ; that being such a decree as the Superior Court of Chancery ought to have entered.
Present Judges Dyons, Fleming, and Roane.